Wanna Anderson, Vice President Arkansas Coalition of Providers P.O. Box 995 North Little Rock, AR 72115
Dear Ms. Anderson:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. 25-19-101
to -107 (Repl. 1997 and Supp. 1999). Your question stems from a request made, pursuant to the FOIA, to inspect and copy personnel files of employees of the Department of Human Services. In your letter you indicate that more than thirty (30) days has passed since your initial request, and that you perceive this delay as a deliberate denial of the requested information.
With regard to this matter, I cannot offer a conclusive response because I do not know what decision, if any, has been made as a substantive matter under the FOIA. As discussed below, the custodian of the records must make the initial decision regarding disclosure of the records. The Attorney General then reviews that decision, if requested to do so. A.C.A. § 25-19-105(c)(3)(A) (B). However, in order to provide you with guidance in this matter, I will set forth the FOIA requirements as they relate to personnel records.
It should be noted that the FOIA requires certain procedures be followed when a request is made for personnel records. When a custodian of personnel records receives a request to examine or copy such records, he or she must, within twenty-four (24) hours of receiving the request, determine whether the records are exempt from disclosure. A.C.A. §25-19-105(c)(3)(A). The custodian must, within that time frame, make efforts to notify the person making the request and the subject of the records of that decision. Id. If the subject of the records cannot be contacted in person or by telephone within the twenty-four hour period, the custodian is required to send "written notice via overnight mail to the subject of the records at his last known address." A.C.A.25-19-105(c)(3)(B). Either the custodian, requester, or the subject of the records may then "immediately seek an opinion from the Attorney General who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision is consistent with [the FOIA]." Id. The custodian shall not disclose the records until the Attorney General has issued his opinion. Id.
The records contained in personnel files can usually be classified either as "personnel records" or as "employee evaluation/job performance records" (or neither). It will be important for the custodian to classify the records properly, because the standard for the release of the various types of records differs.
The Disclosability Standard for Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10). This office has opined on numerous occasions that a blanket denial of access to all background investigation records may be inconsistent with the FOIA. See Ops. Att'y Gen. Nos. 99-043; 98-101, 97-286, 96-368, 95-242, 94-113, and 92-319. The FOIA does not provide a blanket exemption for background investigations. For this reason, records reflecting a background investigation must be examined individually and separately to determine whether each such record is disclosable, whether it falls under a specific exemption from disclosure, or whether particular information should be redacted from the records prior to disclosure.
What is a Personnel Record?
In order to determine the releasability of records in a personnel file, an initial question will be whether these records do, in fact, constitute "personnel records." It is my opinion, as explained more fully below, that if these records pertain to employment, but are not employee evaluations or job performance records, they would most likely be held by a court to constitute "personnel records."
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. This office has taken the general position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. Nos. 99-244; 99-147, citing Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3rd Ed., 1998) at 134. (It should be noted that some of the records mentioned above might be subject to specific exemptions set forth in other sections of the FOIA.)
If the requested records are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of personal privacy.
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. If the custodian of the records has determined factually that the release of the records in a personnel file would not constitute a clearly unwarranted invasion of personal privacy (by showing that the subject's privacy interest in the records outweighs the public's interest in them), the records should be released.
The Standard of Disclosability for Employee Evaluation/Job PerformanceRecords
Under the FOIA, "employee evaluation/job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
What is an Employee Evaluation/Job Performance Record?
A determination must be made, then, as to whether any of the records in a personnel file constitute "employee evaluation/job performance records." The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If any of the requested records are, in fact, employee evaluations or job performance records, the above-stated three part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. Any employee evaluation/job performance records in a personnel file can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. Any employee evaluation/job performance records that may be in a personnel file can be released only if the custodian has determined factually that there was a suspension or termination, that the records in question formed the basis for that suspension or termination, and that there is a compelling public interest in the records.
With regard to your specific allegations of denial demonstrated by the Department's prolonged delay in responding to your request, I must point out that the FOIA clearly contemplates that public records will be made available immediately upon request unless the records are in active use or storage. In the event the requested records are in active use or storage, the custodian of the records must certify this fact in writing to the requester and set a date and hour within three (3) working days, at which time the records will be made available for inspection and copying. A.C.A. 25-19-105(e). However, while immediate access is contemplated by the FOIA, this requirement must be viewed in light of the particular circumstances surrounding each FOIA request. For example, in certain cases, it may be that a search for the requested documents will take some time (such as where a voluminous amount of records has been requested and yet the records are not considered to be "in storage" for purposes of 25-19-105(e)) or that it is necessary for the custodian to review the records (perhaps in consultation with legal counsel) in order to determine if there is any exempt information contained therein which must be excised prior to disclosure. The custodian of the records should, under these and other similar circumstances, be afforded a reasonable time in order to comply with an FOIA request. This "reasonable" amount of time, however, may or may not equal a three-day interval, depending on the circumstances of a particular request. See
Op. Att'y Gen. 94-225.
I have not been provided documents or information that would indicate that the Department of Human Services has officially denied your request. Under the FOIA, "any citizen denied the rights granted to him by this chapter may appeal immediately . . . to the circuit court of the residence of the aggrieved party" (emphasis added). See A.C.A. §25-19-107(a). Additionally, negligent violations of the act are punishable as misdemeanors. Such violations may therefore be referred to the proper prosecuting authorities.
While the foregoing generalizations may provide some guidance, it should be noted that, ultimately, each case will turn on its own specific facts, thus requiring a determination on a case by case basis.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh